**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LUCAS ENTERTAINMENT GROUP, LLC, d/b/a "LIVE 360 GROUP",<br><br>Plaintiff,<br><br>v.<br><br>THE ROBERT W. WOODRUFF ARTS CENTER, INC. (d/b/a ATLANTA SYMPHONY ORCHESTRA); STANLEY E. ROMANSTEIN, PHD; CLAY SCHELL; and DON FOX.<br><br>Defendants. | CASE NO.: 1:13-cv-00830-RLV<br><br>Jury Trial Demanded |

**<u>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN</u>**

**1. <u>Description of Case</u>:**

**(a) Describe briefly the nature of this action.**

This case involves an alleged breach of contract. Lucas Entertainment Group ("Live 360") contends that The Robert W. Woodruff Arts Center, Inc.

("ASO") breached a consulting agreement ("Consulting Agreement") by refusing to pay sums due thereunder. Live 360 also has causes of action for quantum meruit and fraud.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff's Statement**

The present matter is a civil action alleging that the defendant Atlanta Symphony Orchestra ("ASO") is in breach of contract, and has been unjustly enriched, and that the Defendants have committed fraud against the plaintiff Live 360. It is further alleged that the plaintiff Live 360 had pursuant to a written contract performed certain services related to artist acquisition for the outdoor concerts presented by the ASO, which has failed and refused to pay for these services. It is further alleged that during 2012, the ASO knew that it would not renew the written contract of the plaintiff Live 360 for the 2013 concert season, and had a continuing duty to inform Live 360 thereof, but instead remained silent so as to receive the continuing labor of Live 360 during 2012 for the 2013 concert season. The defendants deny, *inter alia*, these allegations.

**Defendants' Statement.**

Live 360 and ASO entered into the Consulting Agreement which required

Live 360 to perform certain consulting services, including services related to artist management and agency relationships, booking and promoting procedures, marketing, public relations and production methods for live events. The Consulting Agreement was for a period of four years for Chastain Park Amphitheatre and three years for Verizon Wireless Amphitheatre, each with a possible extension. Live 360 contends that it relied upon certain representations made by ASO that the Consulting Agreement would be renewed and extended. It further argues that based upon that reliance, it suffered damages when the Consulting Agreement was not renewed. ASO disputes that it represented that the Consulting Agreement would be extended. It also disputes that the Agreement was actually extended.

**(c) The legal issues to be tried are as follows:**

**<u>Plaintiff's Statement:</u>**

1. Whether ASO is in breach of contract.
2. Whether ASO has been unjustly enriched.
3. Whether the Defendants have committed fraud against the Plaintiff.
4. What amount the Plaintiff is entitled to recover as and for its compensatory damages, punitive damages, costs of litigation and attorney's fees.

**Defendants' Statement:**

i) Was Live 360 entitled to the bonuses to which it claims it is owed under the Consulting Agreement?

ii) Was the Consulting Agreement extended?

iii) Did Defendants make representations to Live 360 that the Consulting Agreement was extended?

iv) If so, did Defendants representations rise to the level of common law fraud?

v) Is Live 360 entitled to be paid in quantum meruit for the services it rendered to ASO for the 2013 concert season?

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Case:** None.

**(2) Previously Adjudicated Related Cases:** None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

______ (1) Unusually large number of parties (in the event that a class is certified)

______ (2) Unusually large number of claims or defenses

______ (3) Factual issues are exceptionally complex

______ (4) Greater than normal volume of evidence

    ______ (5) Extended discovery period is needed

______ (6) Problems locating or preserving evidence

______ (7) Pending parallel investigations or action by government

______ (8) Multiple use of experts

______ (9) Need for discovery outside United States boundaries

______ (10) Existence of highly technical issues and proof

**3. Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

Robert M. Ward
Georgia Bar No. 775401
**DILWORTH IP**
The Pinnacle Building
3455 Peachtree Road North East, 5th Floor
Atlanta, GA 30326
Tel:(404) 606-6480

**Defendant:**

Michael J. King
Georgia Bar No. 421160
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia 30305

Tel: (678) 553.2100
Fax: (678) 553.2212

**4. Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

_____ Yes __X__ No

**If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5. Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None known at this time.

**(b) The following persons are improperly joined as parties:**

None known at this time.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None known at this time.

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with**

**the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Depending upon information obtained during discovery, Plaintiff may wish to join Trevor Ralph, Vice President of Operations, ASO.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)** ***Motions to Compel*****: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)** ***Summary Judgment Motions*****: within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** ***Other Limited Motions*****: Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** ***Motions Objecting to Expert Testimony*****: Daubert motions with**

**regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.   If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).**

No objections.   The parties have agreed that Initial Disclosures will be exchanged on or before June 21, 2013.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

None requested at this time.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

1. Whether ASO breached the Consulting Agreement.

2. Whether ASO was unjustly enriched.

3. Whether Defendants committed fraud against Plaintiff.

4. Communications between Live 360 and Defendants regarding the negotiation, execution and purported extension of the Consulting Agreement.

5. Live 360's efforts to provide concerts for the 2013 concert season.

6. The amount of damages allegedly incurred by Live 360.

7. Topics relevant to Plaintiff's claims.

8. Topics relevant to Defendants' defenses to Plaintiff's claims.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

None known at this time.  The parties respectfully request the right to seek additional time for discovery if necessary and in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None anticipated at this time.

**(b) Is any party seeking discovery of electronically stored information?**
**___**X**____ Yes ________ No**

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties will preserve all electronically stored information, including but not limited to Email, for the period January 1, 2007 - the present.

The parties will identify the type and version of Email and/or groupware software used.

The parties will identify potential custodians of Email records as soon as practical.

The parties will identify potential custodians of other electronic documents and other electronically stored data as soon as practical.

The parties have not agreed on any limitations as to the scope of discovery of ESI at this time.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties will produce ESI in .tiff format with bates numbers and as the

ESI is kept in the usual course of business. In cases where the parties seek to redact or otherwise seek to prohibit the production of ESI, the party seeking to prohibit the production shall preserve the original records and shall make any such changes or alterations to electronic copies of the ESI only.

Production of ESI shall be provided on an electronic storage media (such as CD, DVD, portable hard drive, USB flash drive or other portable storage device) or uploaded to an FTP server.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties ask that the Court enter a non-waiver order pertaining to inadvertent disclosure of privileged or protected material. The parties' preferred language is below:

> Inadvertent production of matter subject to claims of privilege or of protection as trial-preparation material shall be governed by Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. In addition, the parties agree that such inadvertent production, in and of itself, will not constitute a waiver of such claims of privilege or of trial-preparation material, so long as the producing party identifies the documents inadvertently produced with particularity or by Bates number. This provision does not bar advancement of waiver arguments on grounds

other than the mere fact of inadvertent production.

Upon execution of this Plan by the Court, this provision will be considered a "court order" under Rule 502(d) of the Federal Rules of Evidence.

The parties have also discussed the need for a Protective Order to protect against the disclosure of the parties' respective confidential and/or highly confidential information. The parties are continuing to confer on this issue.

**13. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on ______, 2013 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff:**

**Lead counsel (signature):**

***/s/ RM Ward***
Robert M. Ward
Georgia Bar No. 775401
**DILWORTH IP**
The Pinnacle Building
3455 Peachtree Road North East, 5th Floor
Atlanta, GA 30326
Tel:(404) 606-6480

**Other participants:**

None.

**For defendant:**

**Lead counsel (signature):**

*/s/ Michael J. King*
Michael J. King
Georgia Bar No. 421160
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553.2100
Fax: (678) 553.2212

**Other participants:**

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(______) A possibility of settlement before discovery.**
**(_____) A possibility of settlement after discovery.**
**(______) A possibility of settlement, but a conference with the judge is needed.**
**(______) No possibility of settlement.**

**(c) Counsel(______) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____________, 2012.**

**(c) The following specific problems have created a hindrance to settlement of this case.**

None

**14. Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____________ day____________________, of 20___.**

**(b) The parties** (_X_) **do not consent to having this case tried before a magistrate judge of this Court.**

Completed form submitted this 10th day of June, 2013.

***/s/ RM Ward***
Robert M. Ward
Georgia Bar No. 775401
**DILWORTH IP**
The Pinnacle Building
3455 Peachtree Road NE
5th Floor
Atlanta, GA 30326
Tel:(404) 606-6480

*Attorney for Plaintiff*

***/s/ Michael J. King***
Michael J. King
Georgia Bar No. 421160
**GREENBERGTRAURIG, LLP**
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia 30305
Tel: (678) 553.2100
Fax: (678) 553.2212

*Attorney for Defendants*

*** * * * * * * * * * * * ***

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____________ day of ______________________, 2013.

__________________________________

Robert L. Vining, Jr., Judge
UNITED STATES DISTRICT COURT